# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **NEKOME, LLC, a Delaware Limited Liability Company,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) NO.<br>) |
| **PETER REA and DARLENE REA,** | )<br>)<br>) |
| **Defendants.** | )<br>) |

## COMPLAINT

Plaintiff, Nekome, LLC ("Nekome"), by its attorneys, for its Complaint against defendants Peter Rea and Darlene Rea, (collectively the "Reas"), states as follows:

## COMMON ALLEGATIONS

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1332. There is complete diversity between the parties because, as set forth below, the sole member of Nekome is ME Holdings, LLC ("ME Holdings"), whose sole member is a citizen of a different state than the Reas, and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

2. This Court has personal jurisdiction over the defendants because they reside in this District and entered into a contract which was intended to be, and was, performed, in substantial part, in this District.

{00153689. 1}

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391, as the District in which the Defendants reside and in which a substantial part of the events giving rise to the claims asserted herein occurred.

**PARTIES**

4. Nekome is a limited liability company organized under Delaware law with its principal place of business in Florida. The sole member of Nekome is ME Holdings, whose sole member is Marvin Elfant, a citizen of the State of Florida.

5. Defendant Peter Rea is a resident of Missouri, and is, on information and belief, an officer and director of The Branson Label, Inc. ("Branson Label").

6. Defendant Darlene Rea is a resident of Missouri, and is, on information and belief, the sole shareholder in and an officer and director of Branson Label. Peter Rea and Dralene Rea shall be collectively referred to as the "Reas" or the "Defendants".

7. Branson Label, a non-party herein, is a Missouri corporation with its principal place of business in Missouri.

8. This matter involves breach of an oral contract between the Reas, on the one hand, and Nekome on the other, by which the Reas agreed to assign and transfer 100% of the issued and outstanding stock in Branson Label to Nekome in exchange for Nekome pursuing claims on behalf of Branson Label, funding other ongoing litigation through its member, ME Holdings, and providing the Reas with an interest in recoveries realized from those claims. Although Nekome has substantially performed its obligations, the Reas have failed and refused to transfer the Branson Label stock, a breach that has resulted in injuries to Nekome substantially in excess of $75,000, exclusive of interest and costs.

## THE ORAL AGREEMENT BETWEEN THE REAS AND NEKOME

9. In the Spring of 2013, Nekome's representative began negotiations with the Reas to obtain an assignment of 100% of the stock in Branson Label.

10. Those negotiations resulted in an oral agreement, on or about July 18th, 2013 between and among Peter Rea, on his own behalf and on behalf of his wife Darlene, on the one hand, and Nekome, on the other hand.

11. The oral agreement provided that Nekome would receive a full and complete assignment of 100% of the stock in Branson Label. In consideration of that assignment, Nekome committed to spend amounts materially in excess of $75,000 to 1) cause Branson Label, which had been involuntarily dissolved, to be reinstated, 2) pursue claims on behalf of Branson Label, in which the Reas would participate in any recovery, and 3) fund ongoing litigation through its member, ME Holdings, in which the Reas would also participate in any recovery.

12. Thereafter, Nekome spent amounts substantially in excess of $75,000 to reinstate Branson Label, retain and compensate attorneys to prepare to pursue claims on behalf of Branson Label, and compensate attorneys through its member, ME Holdings, to pursue separate claims.

13. Notwithstanding Nekome's substantial performance of the oral agreement, the Reas failed and refused to assign and transfer the Branson Label stock to Nekome, in breach of the oral agreement described above.

## COUNT I

## ACTION AGAINST PETER AND DARLENE REA FOR

## BREACH OF ORAL CONTRACT

14. Nekome repeats and realleges paragraphs 1 through 13 as this paragraph 14 as though fully set forth herein.

15. As described above, Defendants entered into a clear, explicit, and definite oral agreement with Nekome to convey one hundred percent (100%) of the stock of Branson Label to Nekome.

16. The oral agreement was formal and express, and not loose or casual.

17. The oral agreement was fair and not unconscionable.

18. Nekome has substantially performed its obligations with respect to the oral agreement, including preparing the documents to assign one hundred percent (100%) of the stock of Branson Label to Nekome, reinstating Branson Label, and funding the pursuit of substantial claims.

19. The actions constituting performance of the oral agreement by the Reas—assignment of one hundred percent (100%) of the stock of Branson Label to Nekome—are referable solely to the oral agreement and not to some other or different contract.

20. The oral agreement is based upon adequate and legal consideration, so that performance upon the one hand, but not upon the other, would bespeak an unconscionable advantage and wrong, demanding its enforcement.

21. The oral agreement is not by way of gift or as a reward for service, but is a real contract to convey one hundred percent (100%) of the stock of Branson Label to Nekome made before Nekome's acts of performance in reliance upon the oral agreement.

WHEREFORE, Nekome, LLC respectfully prays that this Court enter a judgment in its favor and against Defendants Peter Rea, and Darlene Rea, jointly and severally, in an amount exceeding $75,000.00 to be determined with more certainty at trial, awarding Nekome its costs, including reasonable attorneys' fees, to the maximum extent recoverable, and granting such other and further relief as the Court deems just.

## COUNT II: PROMISSORY ESTOPPEL
## IN THE ALTERNATIVE TO COUNT I

22. For Paragraph 22 of Count II, Nekome adopts and incorporates Paragraphs 1 through 13 of this Complaint by reference, as if the same were fully set forth herein.

23. This Count is alleged in the alternative to Count I.

24. As described above, Defendants made a clear, explicit, and definite promise to convey one hundred percent (100%) of the stock of Branson Label to Nekome.

25. Nekome relied on Defendants' promise to its detriment, including but not limited to: (a) investing significant sums to pursue claims; (b) paying amounts necessary to reinstate Branson Label; and (c) preparing appropriate documents to effect Defendants' promised assignment of stock.

26. Defendants reasonably should have expected Nekome to rely upon Defendants' promise by taking the foregoing actions, as these actions were expressly contemplated by the parties' discussions at the time of the promise.

27. Nekome's reliance has resulted in an injustice that can only be remedied through entry of a judgment for Nekome's resulting damages.

WHEREFORE, Nekome, LLC respectfully prays that this Court enter a judgment in its favor and against Defendants Peter and Darlene Rea, jointly and severally, in an amount exceeding $75,000.00 to be determined with more certainty at trial, awarding Nekome its costs, including reasonable attorneys' fees, to the maximum extent recoverable, and granting such other and further relief as the Court deems just.

## COUNT III: SPECIFIC PERFORMANCE
## IN THE ALTERNATIVE TO COUNTS I AND II

28. For Paragraph 28 of Count III, Nekome adopts and incorporates Paragraphs 1 through 13 of this Complaint by reference, as if the same were fully set forth herein.

29. This Count III is in the alternative to Counts I and II.

30. As alleged above, Defendants entered into a clear, explicit, and definite oral agreement with Nekome to convey one hundred percent (100%) of the stock of Branson Label to Nekome.

31. The oral agreement was formal and express, and not loose or casual.

32. The oral agreement was fair and not unconscionable.

33. Nekome has substantially performed its obligations under the oral agreement, including preparing the documents to assign one hundred percent (100%) of the stock of Branson Label to Nekome, reinstating Branson Label, and funding the pursuit of claims on behalf of Branson Label as well as other claims through its member, ME Holdings.

34. The actions constituting performance of the oral agreement by the Reas—assignment of one hundred percent (100%) of the stock of Branson Label to Nekome—are referable solely to the oral agreement and not to some other or different contract.

35. The oral agreement is based upon adequate and legal consideration, so that performance on the one hand, but not the other, would bespeak an unconscionable advantage and wrong, demanding its enforcement.

36. The oral agreement is not by way of gift or as a reward for service, but is a real contract to convey one hundred percent (100%) of the stock of Branson Label to Nekome made before Nekome's acts of performance in reliance upon the oral agreement.

37. The oral agreement was fair and not inequitable.

38. Specific performance to deliver to Nekome the shares of stock of Branson Label is necessary because the shares contracted for have no market value, and there is reasonable cause for the delivery of the particular shares arising out of the relation they bear to the control of claims owned by Branson Label.

39. Specific performance to deliver to Nekome the shares of stock of Branson Label is necessary because damages at law are wholly inadequate and complete relief can only be had in equity.

WHEREFORE, Nekome, LLC respectfully prays that this Court enter a judgment in its favor and against Defendants Peter and Darlene Rea, jointly and severally, ordering them to convey one hundred percent (100%) of the stock of Branson Label to Nekome, awarding Nekome its costs, including reasonable attorneys' fees, to the maximum extent recoverable, and granting such other and further relief as the Court deems just.

Dated:  April 4, 2014        Respectfully submitted,

VAN OSDOL & MAGRUDER, PC


By:  /s/ Anthony L. Gosserand
    Anthony L. Gosserand        MO # 38844
    911 Main, Suite 2400
    Kansas City, Missouri   64105
    Telephone:  (816) 421-0644
    Telecopier:  (816) 421-0758
    tgosserand@vomer.com